UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JASON WASHINGTON** | **CIVIL ACTION** |
| **VERSUS** | **NO. 15-0823** |
| **MARLIN N. GUSMAN, ET AL** | **SECTION "N"(4)** |

## REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to **28 U.S.C. § 636(b)(1)(B) and (C) and § 1915A**, and as applicable, **42 U.S.C. § 1997e(c)(1) and (2)**. Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing.

### I.  Factual and Procedural Background

#### A.  Complaint

The plaintiff, Jason Washington ("Washington"), was an inmate housed in the Templeman facility within the Orleans Parish Prison System ("OPP"), when he filed this *pro se* and *in forma pauperis* complaint pursuant to 42 U. S. C. § 1983 against the defendants, Orleans Parish Sheriff Marlin N. Gusman, Bonita Pittman, Ms. Garrison, Mr. Lopez, Ms. Clayton and Ms. Polk. Washington alleges that while incarcerated in OPP he suffered from chest pain, sinus, and throat swelling. He further alleges that each defendant failed to issue cleaning supplies to him. He seeks compensatory and injunctive relief.

#### B.  Procedural Background

On April 24, 2015, the undersigned issued an order scheduling a *Spears* Hearing by telephone for May 14, 2015. (Rec. Doc. 7) On May 6, 2015, the order was returned as mail undeliverable and the envelope indicated that Washington was no longer in custody. (Rec. Doc.

8) As a result, on May 11, 2015, the *Spears* hearing set for May 14, 2015 was cancelled. (Rec. Doc. 10)  Thereafter, the notice cancelling the *Spears* hearing was returned indicating that Washington was no longer in the Templeman facility at OPP. (Rec. Doc. 11) Washington has not contacted the Court about his case or provided the Court with a current address.

**II.     Analysis**

Rule 41(b) of the Federal Rules of Civil Procedure specifically provides that a court may, in its discretion, dismiss a plaintiff's claim for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or any order of the court.  A Rule 41(b) dismissal is considered an adjudication on the merits. Fed. R. Civ. P. 41(b).  In determining whether to dismiss a claim, courts have traditionally considered the extent to which the plaintiff, rather than his counsel, has been responsible for any delay or failure to comply with a rule or order.  *See*, *e.g.*, *Silas v. Sears, Roebuck & Co.*, 586 F.2d 382 (5th Cir. 1978); *Ramsay v. Bailey*, 531 F.2d 706 (5th Cir. 1976).  In this case, the plaintiff is without counsel and is responsible for the prosecution of his case.

The record shows that the Court's prior orders were mailed to Washington's address of record, the only address provided by Washington, and the envelopes containing the orders were returned as undeliverable. (Rec. Docs. 8, 11) Washington has failed to provide the Court with his current contact information as required by L.R. 11.1.  He was made aware of his continuing obligation to keep the Court informed of his whereabouts as reflected on page 5 of his Complaint (Rec. Doc. No. 1), where he signed the Plaintiff's Declaration on March 3, 2015.

Contrary to these mandates, Washington has not notified the Court of his current contact information, and he otherwise has not contacted the Court about his case.  In fact, the record demonstrates that he did not provide notice to the Court of his transfers and/or release from jail.

Washington has not complied with the Court's orders or taken any effort to further prosecute this case. Accordingly, dismissal of the remainder of Washington's claims against the defendants are proper under Fed. R. Civ. P. 41(b) and the rules of this Court for his failure to prosecute this case.

## III.   Recommendation

It is therefore **RECOMMENDED** that Jason Washington's 42 U.S.C. § 1983 claims for failure to protect claims against the defendants, Sheriff Marlin Gusman, Bonita Pittman, Ms. Garrison, Mr. Lopez, Ms. Clayton, and Ms. Polk be **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[10]

New Orleans, Louisiana, this 19th day of May, 2016.

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

---

[10]*Douglass* referenced the previously applicable fourteen-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.